IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| STEVEN E. SHELL, | : | |
| | : | |
| Claimant | : | |
| | : | |
| v. | : | CASE NO. 3:11-CV-97-CDL-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

_____

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for a period of disability, disability insurance benefits, and supplemental security income finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. ▪ 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## Administrative Proceedings

Claimant applied for a period of disability, Disability Insurance Benefits (DIB),

and Supplemental Security Income (SSI) on May 1, 2008, and June 3, 2008, alleging disability as of October 15, 2005[2], due to a broken back and head injury. (Tr. 134; ECF No. 8.) Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a hearing on August 2, 2010, and following the hearing, the ALJ issued an unfavorable decision on August 13, 2010. (Tr. 20-30.) The Appeals Council ultimately denied Claimant's Request for Review on May 19, 2011. (Tr. 1-4.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. (Tr. 22.) The ALJ then found that Claimant had status post back fractures, status post closed head injury, and history of asthma, which were determined to be severe. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 23.) The ALJ next found that Claimant had the residual functional capacity (RFC) to perform a limited range of light work. (Tr. 24.) The ALJ further found that Claimant would be limited to unskilled work and that he would be capable of frequent balancing, kneeling, crawling, and climbing of ramps or stairs, but was limited to occasional stooping and crouching and

---

2 Claimant changed his alleged onset date at the administrative hearing to April 30, 2008. (Tr. 20, 38.)

4

precluded from work involving climbing ladders, ropes, or scaffolds (Tr. 24). Claimant would also need to avoid concentrated exposure to fumes, odors, gases, and poor ventilation. (*Id.*) The ALJ determined that Claimant could not perform his past relevant work, but that there were jobs that existed in significant numbers in the national economy that he could perform. (*Id.*) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

The sole issue for determination in this case is whether the ALJ erred in analyzing Claimant's subjective allegations of pain, where Claimant contends he suffered a medically determinable impairment which reasonably gave rise to his complaints. (Cl.'s Br. 11, ECF No. 9.) Claimant further argues that the ALJ ignored medical evidence provided by examining and treating physicians. (*Id.*)

Regarding credibility, Social Security Regulation 96-7p reads:

In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Furthermore, 20 C.F.R. § 416.929(a), in relevant part, states that:

Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which,

5

> when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

Moreover, the mere existence of impairments does not establish disability; instead, the ALJ must determine how a claimant's impairments limit her ability to work. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

Regarding the "Pain Standard," the Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, she must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id*. (quotations and citations omitted).

Here, the ALJ specifically stated that he reviewed the entire record, ultimately concluding that "the claimant's statements concerning the intensity, persistence and

limiting effects of these symptoms for that period are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 25.) The ALJ found that Claimant's allegations of disabling pain were not consistent with his statements regarding his functional abilities. (*Id.*) The ALJ based these findings on the accounts of his daily living as testified to by Claimant at the hearing. Claimant argues that the ALJ failed to note that he had to "change positions every 30 minutes." Claimant, however, did not mention that limitation during the hearing when asked what he did on a daily basis, which included his ability to: drive, vacuum, shop three times a week for up to three hours, mow the grass with a riding lawnmower, cut grass with a weed whacker, wash dishes, do laundry, cook, fix things around the home, and help his wife with her kennel business (Tr. 25, 292). The ALJ noted that Claimant's actual, demonstrated abilities were inconsistent with his own testimony from the hearing regarding his limitations on his ability to lift, bend, stand, sit, and walk. (Tr. 24-25).

Furthermore, as to Claimant's assertion that the ALJ ignored medical evidence from evaluating physician Dr. Franklin, physician Dr. Dorchak, and chiropractor Michael Hughes, it is clear from the record that the ALJ gave each of these opinions a thorough review. The ALJ reviewed the opinions of each and then stated his reasons for giving Dr. Franklin, who conducted a physical consultative examination, little weight. (Tr. 26.) The ALJ further discussed the findings of Dr. Dorchak, who ultimately recommended exercise and conservative treatment, in his findings. As to the chiropractor, although the ALJ noted that he was not a proper medical source pursuant to 20 C.F.R. §§ 404.1513(a), (d)(1), 416.913(a), (d)(1), he did consider the opinions and found them to be inconsistent

7

with Claimant's admitted activities of daily living and that the opinions appeared to be based on Claimant's own allegations of pain. (Tr. 28.)

Applying the *Holt* "pain standard" test to this Claimant's pain allegations, it is found that the ALJ's determinations regarding Claimant's subjective allegations of pain were based on substantial evidence. Considering the statements recounted above, it is found that the ALJ sufficiently took into account the location, duration, frequency and intensity of Claimant's pain and other symptoms, as well as any precipitating and aggravating factors, when assessing his credibility. As such, the ALJ clearly articulated explicit and adequate reasons for discrediting Claimant's credibility regarding his subjective allegations of pain, and no error is found.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 10th day of April, 2012.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE